UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason George and Timothy Gillen, *as Trustees of the Operating Engineers Local #49 Health and Welfare Fund*, | Case No. 23-cv-1200 (WMW/ECW) |
| Plaintiffs, | **ORDER** |
| v. | |
| John Doe, | |
| Defendant. | |

This matter is before the Court on Defendant John Doe's motion to dismiss Plaintiffs' amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons addressed below, the motion is granted.

## BACKGROUND

Plaintiffs Jason George and Timothy Gillen bring this lawsuit on behalf of the Operating Engineers Local #49 Health and Wealth Fund (the "Fund"). The Fund is a Minnesota trust fund created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act. The Fund is governed by a Board of Trustees (the "Board"). Half of the Trustees are employee representatives and half are employer representatives. From the Fund, the Board maintains and administers a self-insured multiemployer employee welfare benefit plan (the "Plan"). The Plan provides its participants and their dependents health and welfare benefits, including medical, prescription drug, dental,

vision, disability, death and other benefits. Defendant John Doe is a beneficiary of the Fund and a participant of the Plan.[1]

In August 2022, Doe's adult dependent, who is covered by the Plan, received an outpatient bilateral mastectomy and nipple graft surgery to treat gender dysphoria. Subsequently, Doe sought reimbursement from the Plan for $6,442.73 in expenses incurred from the surgery. Doe's request was denied because the Plan excludes "expenses related to transgender treatment and diagnosis" and expenses for "sex transformation." (Dkt. 18 ¶ 34.) Doe timely appealed the Plan's denial of his claim to the Board.

Doe argued that the relevant exclusions violate state and federal antidiscrimination laws, including Title VII of the Civil Rights Act, the Americans with Disabilities Act, Section 1557 of the Affordable Care Act and the Minnesota Human Rights Act. The Board appointed a committee (the "Appeals Committee") to review Doe's claim. Plaintiffs are members of this committee. The Appeals Committee reviewed the claim and concluded that an open question of law must be answered to determine whether the Plan's gender dysphoria exclusion is legally permissible.

Before issuing a decision on Doe's appeal, Plaintiffs on behalf of the Fund sued Doe in the United States District Court for the District of Minnesota. Doe and his dependent then filed charges with the Equal Opportunity Commission. Plaintiffs subsequently amended their complaint in this matter.

---

[1] Plaintiffs decline to identify John Doe and his dependent in the pleadings because of the "intensely personal" nature of issues raised by the amended complaint.

Plaintiffs seek (1) declaratory judgment that the Plan's gender dysphoria exclusion is enforceable because Title VII does not apply to the Fund and the Plan's exclusion does not violate any federal or Minnesota laws; (2) equitable relief in the form of a judicial ruling on an uncertain question of law as to the proper performance of Plaintiffs' fiduciary duties in administering the plans assets and paying beneficiary claims pursuant; (3) an injunction prohibiting Doe and all similarly situated Plan participants from taking action to breach the Plan's administrative exhaustion clause; and (4) an order enjoining Doe from taking action against the Fund on the basis that the fund is not in compliance with 29 C.F.R. § 2560.503-1 and tolling any applicable limitations period for administration of the Plan's gender dysphoria exclusion until a final decision has been rendered in this matter.

## ANALYSIS

A defendant may challenge a plaintiff's complaint for lack of subject-matter jurisdiction either "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); Fed. R. Civ. P. 12(b)(1). In a facial challenge, as presented here, the nonmoving party "receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).

A complaint must be dismissed if it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, the complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether the complaint states such a claim, a district court accepts as true all factual

allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions that are couched as factual allegations may be disregarded by the district court. *See Iqbal*, 556 U.S. at 678–79.

## I.    Ripeness

Counts I and II of the amended complaint ask the Court to determine whether the Plan's gender dysphoria exclusion is enforceable, whether Title VII applies to the Fund and whether the exclusion violates any federal or state laws. Doe argues that these claims should be dismissed because Plaintiffs have not made a final decision on Doe's appeal and because Doe has not yet exhausted Doe's administrative remedies. Plaintiffs contend that declaratory judgment is appropriate to address its outstanding question of law.

"Standing and ripeness are sometimes closely related" and, when assessing ripeness, courts "focus on whether the case involves contingent future events that may not occur as anticipated, or indeed may not occur at all." *Kennedy v. Ferguson*, 679 F.3d 998, 1001 (8th Cir. 2012) (citation omitted). "The doctrine of ripeness is basically a matter of timing, which requires (1) a sufficiently concrete case or controversy within the meaning of Article III of the Constitution, and also, (2) prudential considerations must justify the present exercise of judicial power." *Gopher Oil Co. v. Bunker*, 84 F.3d 1047, 1050 (8th Cir. 1996)

(internal quotation marks omitted). When a plaintiff seeks a declaratory judgment, "there must exist a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (internal quotation marks omitted).

The ripeness inquiry requires a court to examine "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000) (citation and internal quotation marks omitted).

### A.  Fitness of the Issues for Judicial Decision

Under the fitness prong, a case "is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities." *Pub. Water Supply Dist. No. 10 of Cass Cnty., Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 573 (8th Cir. 2003).

Plaintiffs argue this case is fit for judicial review by analogizing this case to *Dakotas & W. Minnesota Elec. Indus. Health & Welfare Fund by Stainbrook & Christian v. First Agency, Inc.*, 865 F.3d 1098, 1103 (8th Cir. 2017). But *Dakotas* is distinguishable from this case because the disputed issue is not the same. In *Dakotas*, the parties disputed which plan should pay the expenses arising from a collegiate athlete's injury, the athlete's parent's plan, or the college's plan. 865 F.3d at 1103. In this case, the dispute pertains only to coverage from the Plan.

Similarly, Plaintiffs cite *Nat'l Union Fire Ins. Co. v. Viracon, Inc.*, No. 16-cv-0482 (PAM/SER), 2016 WL 5402741, at *2 (D. Minn. Sept. 26, 2016), in support of their argument that this case is fit for judicial review. This argument also is unavailing. *Nat'l*

5

*Union Fire Ins. Co.* addressed whether an insurer had a duty to defend or indemnify when an underlying litigation was still ongoing or unresolved. 2016 WL 5402741, at *2. Here, unlike the dispute in *Nat'l Union Fire Ins. Co.*, there is no underlying litigation that would affect the parties' rights.

Plaintiffs are the sole decision makers as to Doe's claim. Doe has submitted a claim for reimbursement, which was denied. Doe properly appealed the decision to the Board, who appointed the Appeals Committee to review Doe's claim. It is undisputed by the parties that a final decision on Doe's appeal has not been made. Instead, Plaintiffs initiated this lawsuit, on behalf of the fund, seeking a declaratory judgment on issues of law that Doe raised in his appeal. Plaintiffs seek an advisory opinion from the Court on a myriad of hypothetical circumstances that Plaintiffs believe might occur if Plaintiffs deny Doe's appeal. Plaintiffs have failed to establish that Counts I and II are fit for judicial review.

**B.     Hardship to the Parties of Withholding Court Consideration**

The Court next considers the hardship prong of the ripeness inquiry. To establish the hardship prong, Plaintiffs must allege that they have sustained or are immediately in danger of sustaining a direct injury. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). The threatened injury must be "certainly impending" to be ripe. *See Paraquad, Inc. v. St. Louis Hous. Auth.*, 259 F.3d 956, 958-59 (8th Cir. 2001) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).

Plaintiffs allege that an injury is "certainly impending" because Doe could sue Plaintiffs following their decision. This allegation is speculative because Doe is required to receive a right to sue letter from the EEOC before bringing a lawsuit under Title VII.

6

There are multiple other possibilities that could occur before Doe is able to bring a lawsuit against Plaintiffs. Plaintiffs have not established that they have sustained an injury, nor have they established that they are in immediate danger of sustaining an injury. Accordingly, Plaintiffs have failed to establish the hardship prong of the ripeness inquiry.

Because Counts I and II of the Complaint are not ripe for review, Counts I and II are dismissed without prejudice.

## II.     Injunctive Relief

A request for injunctive relief is moot if the injunctive relief sought would no longer have any meaning for the party seeking it. *See McFarlin v. Newport Special Sch. Dist.*, 980 F.2d 1208, 1210-11 (8th Cir. 1992); *see also Reyes v. City of Lynchburg*, 300 F.3d 449, 453 (4th Cir. 2002) (holding that after ordinance was repealed "[t]he question of overbreadth [did] not present a live case or controversy" and the facial overbreadth challenge was moot).

Counts III and IV of the amended complaint request injunctive relief. In Count III, Plaintiffs seek to enjoin plan participants from taking actions that breach the terms of the Plan. In Count IV, Plaintiffs seek to bar Doe from acting against the Fund and to toll any limitations period for administration of the Plan's gender dysphoria exclusion. Plaintiffs' request for injunctive relief is dependent on the Court's exercise of jurisdiction as to Counts I and II. As Counts I and II are dismissed as unripe, the injunctive relief claims are moot. Counts III and IV, therefore, are dismissed without prejudice.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant John Doe's motion to dismiss, (Dkt. 24), is **GRANTED**.

2. This matter is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 6, 2024            s/Wilhelmina M. Wright
                                   Wilhelmina M. Wright
                                   United States District Judge